JAMES McKNIGHT v. JAMES E; HUGHES et al.

EXECUTION. *Lien. How enforced on land after levy ; debtor dying before sale* :   When a lien has been fixed upon land by the levy of an execution or attachment and the debtor dies before a valid sale, the heirs have the right to demand a revivor against the personal representative and exhaustion of personal assets, before the lien can be enforced by a sale of the land.

Cases cited:   *Green* v. *Shaver*, 3 Hum., 139; *Perkins* v. *Norvell*, 6 Hum., 151; *Stockard* v. *Pinkard, Ibid,* 119.

FROM MADISON.

Appeal from the Chancery Court at Jackson. H. W. McCORRY, J.

McFARLAND & BOBBITT and J: L: H. TOMLIN for Complainant.

CARUTHERS & MALLORY for Defendant.

McFARLAND, J., delivered the opinion of the Court.

The substantial allegations of the bill are as follows:   In May, 1870, James B. Percy recovered a judgment in the Circuit Court of Madison County against James Hughes, the ancestor of the defendant herein and another, for $716 and costs. An alias execution issued on this judgment to Dyer County and was levied on the two tracts of land, of 5000 acres each, belonging to said Hughes. The lands were advertised and sold, both tracts

together, and purchased by said Percy, the plaintiff in the execution, for the amount of the judgment and costs, and the Sheriff gave to Percy a certificate of the purchase dated the 24th of September, 1870. Percy assigned said certificate to W. L. Stephens, on the 15th of April, 1873, and in the same month the Sheriff made to Stephens a deed of the land. On the 20th of September, 1875, Stephens assigned both the certificate and deed to the complainant, McKnight, the form of the assignment being simply: "For value received I assign the within certificate" and "my interest in the within deed," etc. Previous to the assignments and previous to the assignment by Percy to Stephens before the date of the deed, to-wit: on the 16th of October, 1872, the present defendants, the heirs of said James Hughes (who had died) filed their bill in equity against said Percy to set aside the sale of said land, upon the ground, among others, that the two tracts were sold together instead of separately.

The cause was finally decided by the Arbitration Court in favor of the complainants in the cause so far as to set aside said sale, but declaring that the judgment aforesaid and levy of said execution constituted a valid lien on the land which might be enforced, that said James Hughes was insolvent except his lands, and that his estate had been settled years ago. The bill was filed on the 29th of December, 1875, and prays that the lien of the execution levy aforesaid be en-

forced and the land sold for the complainant's benefit. No steps seem to have been taken for some time, owing, probably, to the loss of the papers. The bill charges that some of the defendants are infants, and two (husband and wife), are non-residents. A guardian *ad litem* was appointed for one of the infant defendants; a demurrer was filed in her behalf, upon the hearing of which the Chancellor dismissed the entire bill, notwithstanding a judgment *pro confesso* had been taken against the others.

The first objection taken in the demurrer is, that the complainant does not show himself to be the owner of the judgment in favor of Percy sought to be revived.

It is true the grounds upon which he claims are the assignments of the Sheriff's certificate of the sale and the Sheriff's deed, made in reality long after the bill of the present defendants had been filed to declare said certificate and deed void, whether the decree declaring them void had been rendered at the date of the assignments to complainants does not appear. The bill, however, charges that these assignments were intended to give complainants the benefit of the judgment and all rights to which said Percy and Stevens were entitled, and as our statute (Code, secs. 2990, 2996) authorizes the satisfaction of judgments in cases where the title to the property fails to be set aside for the benefit of the purchaser, and as the complainant may be regarded as standing in the

McKnight *v.* Hughes.

shoes of the purchaser, we hold the allegations of the bill on this point sufficient.

The second objection is that our statutes only allow the setting aside of the satisfaction and the reversing of the judgment in such cases, but make no provision for reviving the *lien of the execution.* However this question may be, the allegations of the present bill are that it was adjudged in the former cause in which the present defendants were complainants that the levy of said execution was a valid lien which might be enforced.

This being, according to the allegations of the bill, a valid adjudication, we see no reason why a new bill may not be maintained to enforce the lien then adjudged to exist.

But the third and most serious objection to the bill is that no steps have been taken to revive the judgment against the administrator and show an exhaustion of the personal estate, and the administrator is not a party to the present bill. Our authorities hold that where a lien has been fixed upon land by the levy of an execution or attachment and the debtor dies before a valid sale the heirs have the right to demand a revivor against the personal representative and exhaustion of personal assets before the lien can be enforced by a sale of the land. See *Green* v. *Shaver*, 3 Hum., 139; *Perkins* v. *Norvell*, 6 Hum., 151; *Stockard* v. *Pinkard, Ibid,* 119.

This ground of demurrer is therefore well taken. It is too late to amend in this particular, as the

bill shows that all steps against the administrator would now be barred by the statute of limitations. The decree therefore dismissing the bill as to the defendant in whose favor the demurrer was filed must be affirmed.

But it was error to dismiss the bill as to the defendants, who made no defense. While the defendants had the right to insist upon the exhaustion of the personal estate, and for that purpose a revivor against the administrator, they might waive the defense by a failure to take the objection. · If they fail to take the objection and the bill be taken for confessed, it does show a valid lien on the land which may be enforced. The complainant was therefore entitled to a decree against the adult resident defendants upon the *pro confesso* for a sale of the share of the land for their *pro rata* of the judgment.

· But as to the non-resident defendants the judgment *pro confesso* did not entitle the complainant to a decree without evidence, this being a case without attachment of property: Code, secs. 4371, 4373.

As to the defendants charged in the bill to be infants it was irregular to proceed against them without a guardian: Code, sec. 4372. The judgment *pro confesso* was probably taken upon the assumption that all but the one defendant had attained their majority since the bill was filed. But there is nothing of record to show this, except an affidavit of the complainant's solicitor, made

McKnight *v.* Hughes.

for the purpose of supplying the lost papers, in which he says that he was *informed* that all but one had arrived at age. This was not sufficient, and besides it was made after the judgment *pro confesso* was taken. The decree as to the one defendant will be affirmed; as to the others, it will be reversed, and the cause remanded, to the end that complainant may proceed regularly against the other infant defendants, either by having guardians appointed to defend for them, or by takng such steps as will require them to defend as adults; and the complainant may also proceed to make out his cause against the non-residents.

As to the adult resident defendants against whom judgment *pro confesso* has been regularly taken the complainants right to a decree final upon the principle before indicated, will be declared, but not enforced until the cause is brought to a hearing as to the others.

The costs of the Court will be adjudged one-half against the complainants, the other half against the adult resident defendants.